**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David BERMUDEZ–TAPIA, Defendant–Appellant.**

**No. 13–14191**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 16, 2014.

Nathan Parker Kitchens, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

740

Nicole Kaplan, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

David Bermudez–Tapia, having pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2), appeals his sentence of 42 months' imprisonment. Although the district court varied downward and imposed a sentence four months below the low end of the applicable guideline range, Bermudez–Tapia argues his sentence is substantively unreasonable. Upon review,[1] we reject Bermudez–Tapia's contention and affirm his sentence.

Bermudez–Tapia has failed to demonstrate any "clear error of judgment" that would warrant a determination that the district court abused its discretion. *United States v. Irey,* 612 F.3d 1160, 1166 (11th Cir.2010) (en banc). That Bermudez–Tapia's sentence did not exceed the guideline range and in fact fell below it is an indication that his sentence was reasonable, *see United States v. Hunt,* 526 F.3d 739, 746 (11th Cir.2008), as is the fact that his sentence fell well below the statutory maximum, *see United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir.2008). Bermudez–Tapia urges us to question the weight the district court assigned to his sole prior conviction, but such a determination falls within the district court's discretion, and

we will not substitute our own judgment for that of the district court. *See United States v. Amedeo,* 487 F.3d 823, 832 (11th Cir.2007). The record demonstrates that the district court carefully considered the circumstances of Bermudez–Tapia's offense and Bermudez–Tapia's own characteristics, including his youth at the time of his prior conviction. There is no indication the district court made a clear error of judgment in fashioning Bermudez–Tapia's sentence. Accordingly, we have no basis on which to find the sentence substantively unreasonable. *See Irey,* 612 F.3d at 1166.

**AFFIRMED.**

---

1. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The party challenging a sentence bears the burden to establish that it is unreasonable. *United States v. Pugh,* 515 F.3d 1179, 1189 (11th Cir.2008).